**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eric NIBBS, Defendant–Appellant.**

No. 02–3401.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 2003.

Decided Aug. 5, 2003.

Before ROVNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

In pleading guilty to two counts charging him with possessing over 500 grams of cocaine and over 5 grams of crack with intent to distribute, 21 U.S.C. § 841(a), Eric Nibbs preserved the right to appeal the denial of his request for a hearing on his motion to suppress evidence and the denial of his motion to suppress. Nibbs argues on appeal that (1) he met the requirements for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and that (2) the search warrant authorizing the search of his apartment was not supported by probable cause. We affirm.

The facts relevant to Nibbs' appeal primarily concern his co-defendant in the district court, Charles Owens. In July 2001 an informant told Indianapolis Police Detective Mike Forrest that he could purchase cocaine from Charles Owens, who lived at 6228 North Newbury Court, Apartment 104, in Indianapolis. At Detec-

tive Forrest's behest the informant telephoned Owens to set up a cocaine purchase. Owens told the informant that he would sell him cocaine but that first he needed to stop by his apartment to get it. While the informant spoke with Owens, Indianapolis police began surveillance of Owens' apartment building. The officers observed Owens arrive at his apartment building minutes later. The officers further observed Owens leave the apartment building about 30 minutes later and drive away. (It is unclear whether the officers ever saw Owens actually enter or leave Apartment 104.) Owens then drove to meet the informant at the location they had arranged during the telephone call. With Detective Forrest and other officers conducting surveillance, the informant purchased cocaine from Owens.

Detective Forrest then presented an affidavit to a state-court judge, reciting the above facts and seeking a warrant to search Owens' apartment, number 104 in the apartment complex. Relevant to this appeal, the affidavit also contains the following sentences:

> Owens was observed exiting his vehicle and going directly to his apartment, number 104. Approximately thirty (30) minutes later Owens left his apartment and returned to his car. During this time no other person came or went from Owens' apartment.

A search warrant was issued and executed. During the search officers found Owens in one bedroom with crack. And in another bedroom officers found Nibbs, the lessee, with cocaine, crack, and three handguns. Nibbs and Owens were arrested and charged with possession with intent to distribute cocaine.

Nibbs moved to suppress the seized evidence, contending that Detective Forrest's affidavit contained a material false statement. According to Nibbs, it would have been impossible for someone watching the apartment complex from the parking lot to see which apartment Owens had entered. Nibbs also requested an evidentiary hearing on the issue. The district court denied the motion to suppress without an evidentiary hearing, concluding that Nibbs failed to meet his burden of showing that the statement was false or that, if false, Detective Forrest had made the statement intentionally or with knowing disregard for the truth. The court also found that the statement was not necessary for a finding of probable cause. Following this ruling, Nibbs pleaded guilty and was sentenced to a total of 70 months' imprisonment.

■ Nibbs first argues that he met the requirements for a *Franks* hearing on whether Detective Forrest submitted a material false statement that surveillance officers observed Owens enter Apartment 104. To receive such a hearing a defendant must first make a "substantial preliminary showing" that a material false statement was (1) contained in the affidavit; (2) made intentionally or with reckless disregard for the truth; and (3) necessary to a finding of probable cause. *Franks*, 438 U.S. at 155–56; *United States v. Maro*, 272 F.3d 817, 821 (7th Cir.2001); *United States v. Swanson*, 210 F.3d 788, 789–90 (7th Cir.2000). We review the denial of a *Franks* hearing for clear error. *Maro*, 272 F.3d at 821.

The district court's findings on the first two elements were not clearly erroneous. The court acknowledged that photographs submitted by Nibbs appeared to show that the entrance to Apartment 104 was not visible from outside, but, the court concluded, this evidence by itself did not establish that the officers did not see Owens in the apartment. The court suggested that the officers may have seen Owens through a window or may have actually entered the common area of the building

to observe Owens. Also, even if the statement was false, Nibbs offered no evidence suggesting that Detective Forrest or the surveillance officers intentionally provided false information or did so with reckless disregard. *See United States v. Whitley,* 249 F.3d 614, 621 (7th Cir.2001).

More importantly, however, the allegedly false statement was not necessary for a finding of probable cause. When the place to be searched is an apartment within a multi-unit building, there must be probable cause for each individual unit searched. *United States v. Butler,* 71 F.3d 243, 249 (7th Cir.1995). The statement from the informant that Owens lived in Apartment 104 provided probable cause to search the apartment. The informant in this case proved to be reliable in all of the information he provided, including Owens' identity, the building in which Owens lived, and that Owens would sell him cocaine. By the time Detective Forrest presented his affidavit, the informant's reliability had been established, and therefore provided reason to believe the informant's statement that Owens lived in Apartment 104. *See United States v. Koerth,* 312 F.3d 862, 867–68 (7th Cir.2002); *United States v. Rosario,* 234 F.3d 347, 351 (7th Cir.2000). Moreover, Owens had told the informant on the telephone that he needed to stop at his apartment to pick up the cocaine before meeting the informant. Therefore, probable cause existed to search Apartment 104 even without the statement that officers observed Owens enter that particular apartment. *See Koerth,* 312 F.3d at 870 (evidence of drug distribution is likely to be found in a dealer's residence).

Nibbs also argues on appeal that the search warrant was not based on probable cause because there was not a sufficient link to search Apartment 104. Given that Nibbs failed to satisfy the *Franks* requirements, however, the "good faith" exception would apply here even if the warrant turned out not to be supported by probable cause. *United States v. Leon,* 468 U.S. 897, 922–25, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In any event, for the reasons discussed in the preceding paragraph, probable cause existed to search the apartment–regardless of whether the officers saw Owens enter the apartment–based on the informant's reliability and his statement that Owens resided in the apartment.

AFFIRMED